LABORERS LOCAL 17 HEALTH & BENEFIT FUND and The Transport Workers Union New York City Private Bus Lines Health Benefit Trust, Plaintiffs,

v.

PHILIP MORRIS, INC., R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., B.A.T. Indus. P/L/C/. Lorillard Tobacco Co., Inc., Liggett & Myers Inc., The American Tobacco Co., United States Tobacco Co., The Council for Tobacco Research–USA, Inc., The Tobacco Institute, Inc., Smokeless Tobacco Council, Inc., and Hill & Knowlton, Inc., Defendants.

Nos. 97 Civ. 4550(SAS), 97 Civ. 4676, 97 Civ. 7346, 97 Civ. 8462 and 97 Civ. 9395–9402.

United States District Court, S.D. New York.

April 7, 1998.

Perry Weitz, Arthur M. Luxenberg, Steven E. Fineman, Karen J. Mandel, Weitz & Luxenberg, P.C., New York City, Melvyn I. Weiss, David J. Bershad, Michael C. Spencer, Kenneth J. Vianale, Milberg Weiss Bershad Hynes & Lerach, L.L.P., New York City, William S. Lerach, Patrick J. Coughlin, Allen M. Mansfield, Milberg Weiss Bershad Hynes & Lerach, L.L.P., San Diego, CA, Robert J. Connerton, James S. Ray, John McN. Broaddus, Connerton & Ray, Washington, DC, Stephen Gordon, Joel Spivak, Mirkin & Gordon, Great Neck, NY, for plaintiffs in Laborers Local 17 (97 Civ 4550) and UFT (97 Civ 4676) Actions.

Michael A. Ciaffa, G. Oliver Koppell, Meyer, Suozzi, English & Klein, P.C., Mineola, NY, Robert S. Schachter, Natalie Blaney, Zwerling, Schachter & Zwerling, L.L.P., New York City, for plaintiffs in Puerto Rican ILGWU (97 Civ 8462) and Later–Filed Actions (97 Civ 9395 through 97 Civ 9402).

Levy, Ratner & Behroozi, P.C., New York City, for plaintiffs in cases 97 Civ 9399 and 97 Civ 9401 only.

David Paul Horowitz, Law Office of David Paul Horowitz, New York City, for plaintiffs in cases 97 Civ 9399 and 97 Civ 9401 only.

Peter C. Hein, Barbara Robbins, Wachtell, Lipton, Rosen & Katz, New York City, for defendants in All Actions (except where indicated).

Paul K. Stecker, Paul F. Jones, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY, for defendant Philip Morris Incorporated.

Marjorie Press Lindblom, Peter A. Bellacosa, Kirkland & Ellis, New York City, David M. Bernick, Kirkland & Ellis, Chicago, IL, Kenneth N. Bass, Paul B. Taylor, Kirkland & Ellis, Washington, DC, for defendant Brown & Williamson Tobacco Corporation, including as successor by merger to defendant The American Tobacco Company.

Robert W. Gaffey, Michael S. Chernis, Jones, Day, Reavis & Pogue, New York City, Robert F. McDermott, Jr., Donald B. Ayer, Jones, Day, Reavis & Pogue, Washington, DC, for defendant R.J. Reynolds Tobacco Company, RJR Nabisco Holdings Corp., and RJR Nabisco, Inc.

Mark Cunha, Adam Stein, Simpson Thacher & Bartlett, New York City, for defendant B.A.T Industries p.l.c. in all cases and attorneys for defendant British–American Tobacco Company Ltd. in all cases except 97 Civ 9395–9398, 97 Civ 9400, and 97 Civ 9402.

Thomas J. McCormack, Robert Pruyne, Chadbourne & Parke, New York City, for defendant British–American Tobacco Company Ltd. in cases 97 Civ 9395–9398, 97 Civ 9400, and 97 Civ 9402.

Alan E. Mansfield, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, New York City, Robert E. Northrip, Bruce R. Tepikian, Samuel B. Sebree, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, for defendant Lorrilard Tobacco Company.

Peter J. McKenna, Eric S. Sarner, Mark S. Cheffo, Skadden, Arps, Slate, Meagher & Flom, L.L.P., New York City, for defendants United States Tobacco Company.

Anthony Mansfield, Seward & Kissel, New York City, for defendant The Tobacco Institute, Inc.

Steven Klugman, Debevoise & Plimpton, New York City, for defendant The Council for Tobacco Research–U.S.A., Inc.

Michael M. Fay, Kasowitz, Benson, Torres & Friedman, New York City, for defendant Liggett Group, Inc.

Bruce M. Ginsberg, Michael C. Lasky, Davis & Gilbert, New York City, for defendant Hill & Knowlton, Inc.

Barry S. Schaevitz, Jacob, Medinger & Finnegan, L.L.P., New York City, for defendant Smokeless Tobacco Council, Inc.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. Background

Plaintiffs are under union health and welfare trust funds that supplement employers' basic medical benefits by providing death, disability and prescription drug benefits and related services. Defendants are tobacco

companies and tobacco public relations firms. Plaintiffs allege that defendants have engaged in a conspiracy to deceive the general public, including plaintiffs, as to the health risks associated with smoking, the addictiveness of nicotine, and the levels of nicotine in their products. They have brought this action "to recover money expended ... to provide medical treatment to their participants and beneficiaries who have suffered and are suffering from tobacco-related illnesses and to obtain appropriate injunctive relief[.]" Class Action Complaint and Demand for Jury Trial ¶ 7, *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, No. 97 Civ. 4550 (S.D.N.Y. filed June 19, 1997).[1]

On March 26, 1998, I denied defendants' motion to dismiss plaintiffs' RICO, fraud, and breach of special duty claims on the grounds that plaintiffs had failed to state a claim. *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, No. 97 Civ. 4550 (S.D.N.Y. Mar. 26, 1998) (order denying motion to dismiss for failure to state a claim) [hereinafter March 26 Order]. I granted the motion with respect to plaintiffs' antitrust and unjust enrichment claims. *Id..* In the same order, I dismissed strict liability, negligence and breach .of warranty claims without prejudice and with plaintiffs' consent. *Id.*

I turn now to defendants' alternative motion to dismiss under Fed.R.Civ.P. 12(b)(7) and 19(a) for failure to join necessary parties. Defendants argue that the case should not be allowed to proceed in the absence of the union health plan participants, their employers, and third-party insurers that paid benefits to certain participants. Those parties

would not be members of the class plaintiffs have proposed for this class action. *See* Fed. R.Civ.P. 23. This court has jurisdiction under 28 U.S.C. § 1331 (1994).

## II. Discussion

A person subject to service of process whose joinder will not deprive the court of jurisdiction must be joined in an action when "in the person's absence complete relief cannot be accorded among those already parties," or under certain circumstances when "the person claims an interest relating to the subject of the action[.]" Fed.R.Civ.P. 19(a). If that person cannot be joined, then the court must consider whether "in equity and good conscience" the case should be dismissed. Fed.R.Civ.P. 19(b). Rule 19 protects several interests: the parties' interest in obtaining a complete resolution of their dispute, the interests of others who might be prejudiced if the matter were decided in their absence, and the public's interest in avoiding multiple lawsuits on the same subject matter. Fed.R.Civ.P. 19(a) Advisory Committee Notes, 1966 Amendment; *cf. Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109–11, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (discussing Rule 19(b)).

As discussed at length in my previous order, the "subject" of this action is the direct financial injury to the plaintiffs allegedly caused by a conspiracy among the defendants to conceal the health risks associated with tobacco products. Alleged injury to individual smokers or to the general public is not at issue because plaintiffs have no stand-

---

1. Defendants presented their substantive arguments in memoranda filed in *United Federation of Teachers Welfare Fund v. Philip Morris, Inc.*, No. 97–4676 (S.D.N.Y. filed June 25, 1997). Defendants' papers in *Laborers Local 17* incorporate those arguments by reference. The reverse is true for plaintiffs.

Accordingly, this opinion will refer to defendants' *UFT* opening and reply memoranda and to plaintiffs' *Laborers Local 17* opposition brief. *See* Memorandum in Support of Defendants' Alternative Motion to Dismiss for Failure to Join Necessary Parties, *United Federation of Teachers Welfare Fund v. Philip Morris, Inc.*, No. 97–4676

(S.D.N.Y. filed June 25, 1997) (dated Oct. 17, 1997) [hereinafter Defs.' Mem.]; Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint for Failure to Join Necessary Parties, *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, No. 97 Civ. 4550 (S.D.N.Y. filed June 19, 1997) (dated Dec. 5, 1997) [hereinafter Pls.' Mem.]; Reply Memorandum in Support of Defendants' Motion to Dismiss for Failure to Join Necessary Parties, *United Federation of Teachers Welfare Fund v. Philip Morris, Inc.*, No. 97–4676 (S.D.N.Y. filed June 25, 1997) (dated Jan. 27, 1998) [hereinafter Reply].

ing to vindicate the rights of others. March 26 Order at 6–7. Conversely, any efforts by individual smokers or public officials to obtain compensation from the defendants for other injuries have no bearing on this case.

None of the individuals named by defendants are necessary parties within the meaning of either half of Rule 19(a). The absence of those persons will not prevent "complete relief ... among those already parties[,]" Rule 19(a)(1), because nothing in the relief sought would require the absent parties to do anything or to change their positions. *Conn-Tech Development Co. v. University of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 682 (2d Cir.1996); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir.1996). The second half of Rule 19(a) is contingent upon an absent party "claim[ing] an interest relating to the subject matter of the action." Rule 19(a)(2); *Conntech*, 102 F.3d at 682. "It is the absent party that must 'claim an interest[,]'" *Peregrine Myanmar*, 89 F.3d at 49, and no third party has done so here.

As neither the fund participants, nor their employers, nor the insurers who contracted with the plaintiffs are necessary parties, there are no grounds for dismissing the action because of their absence. "Unless Rule 19(a)'s threshold standard is met, the court need not consider whether dismissal under Rule 19(b) is warranted." *Associated Dry Goods Corp. v. Towers Financial Corp.*, 920 F.2d 1121, 1123 (2d Cir.1990). Accordingly, defendants' motion to dismiss for failure to join necessary parties is denied.

SO ORDERED.